```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
RUDY RAMIREZ and ROGER ALEMAN,                    17 Civ. 8688

                    Plaintiffs,                   OPINION

    -against-

ABBA BUILDERS INC., NABA ENTERPRISES, INC.,
SLAVIK ABAYEV a/k/a STEVEN ABBA, 220 COSTER,
LLC, MIRON MARKUS and BORIS MARKUS,

                    Defendants.
---------------------------------------X

A P P E A R A N C E S:


        Attorneys for Plaintiffs

        HUDSON VALLEY JUSTICE CENTER
        19 Court Street, Suite 400
        White Plains, NY 10601
        By:   Maureen Hussain, Esq.
              Robert McCreanor, Esq.


        Attorneys for Defendants

        SINAYSKAYA YUNIVER, P.C.
        710 Avenue U
        Brooklyn, NY 11233
        By:   Irene Sinayskaya, Esq.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/21/18

**Sweet, D.J.**

Defendants Abba Builders, Inc. ("Abba Builders"), Naba Enterprises, Inc. ("Naba"), Slavik Abayev a/k/a Steven Abba ("Abba" and, collectively, the "Moving Defendants") have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint of Plaintiffs Rudy Ramirez ("Ramirez") and Roger Aleman ("Aleman," and, together with Ramirez, the "Plaintiffs"), which alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and New York Labor Law ("NYLL") Article 19 § 650, et seq. Based upon the conclusions set forth below, the Moving Defendants' motion is denied.

**Prior Proceedings**

On November 8, 2017, Plaintiffs filed their complaint, which alleges violations of the FLSA and NYLL. See Compl. ¶¶ 31-40, Dkt. No. 1.

On December 27, 2017, Moving Defendants filed the instant motion to dismiss. Dkt. No. 29. The motion was heard and marked fully submitted on February 15, 2018.

1

**Facts**

The complaint sets forth the following facts, which are assumed true for the purpose of this motion to dismiss. See Koch v. Christie's Int'l PLC, 699 F.3d 141, 145 (2d Cir. 2012).

Abba is the Chief Executive Officer of Abba Builders and Naba. Compl. ¶ 12. Defendants Boris Markus ("Boris"), and Miron Markus ("Miron") are the owners of 220 Coster, LLC ("220 Coster LLC" and, together with Boris, Miron, and the Moving Defendants, the "Defendants"), which owns the premises at 220 Coster Street in the Bronx, New York ("220 Coster"). Compl. ¶ 13. During the period covered by the Plaintiffs' complaint, March 2015 to March 2016, Defendants made all relevant decisions regarding Plaintiffs' wages, working conditions, and employment status, including the ability to hire or fire Plaintiffs, set wages, and retain time and wage records. Compl. ¶¶ 15-16.

Around March 2015, Ramirez and Alemen were hired by Defendants as construction workers to assist in building a commercial building at 220 Coster. Compl. ¶¶ 19-20. From that March until around November 2015, Abba, Boris, and Miron instructed Plaintiffs on tasks to be performed and provided

2

Plaintiffs with equipment necessary for their work. Compl. ¶ 21. During this time period, Plaintiffs regularly worked from 7AM to 4:30PM, Monday through Saturday, with, at most, one half-hour break per day. Compl. ¶ 22. Ramirez was paid $40 an hour, and Aleman was paid $25 an hour; neither received a premium rate for hours worked in excess of 40 in a work week. Compl. ¶¶ 23-25.

Starting around November 2015, Defendants instructed Plaintiffs that the construction timeframe had to be moved faster and that Plaintiffs would be paid for their expedited labor upon completion of 220 Coster. Compl. ¶¶ 25-26. From then until about March 2016, Plaintiffs worked upwards of 16 to 18 hours a day, sometimes 7 days a week, and did not receive any compensation during those months. Compl. ¶¶ 26-27.

During their period of employment, Plaintiffs received neither a wage notice in either English or Spanish nor weekly wage stubs or statements. Compl. ¶¶ 28-29.

**The Applicable Standard**

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all

3

inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." Twombly, 550 U.S. at 557 (internal quotation marks omitted).

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" Munoz-Nagel v. Guess, Inc., No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010)); Prince v. Madison Square Garden, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); Williams v. Calderoni, 11 Civ. 3020

4

(CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Twombly, 550 U.S. at 555 (citation and internal quotation omitted).

**The Motion to Dismiss the Complaint is Denied**

Moving Defendants have moved to dismiss Plaintiff's complaint. Their primary argument is straightforward: the Defendants are not Plaintiffs' employers because Plaintiffs were subcontractors and Moving Defendants, as the general contractor, did not have the power to hire and fire, supervise and control, or determine pay and maintain pay records for Plaintiffs. See Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl. ("Defs.' Mem.") 4-7, Dkt. No. 29. To support their conclusion, Moving Defendants have submitted an affidavit from Oscar Melara, the owner of a subcontracting company, that Moving Defendant contend was in fact Plaintiffs' legal employer (the "Melara Affidavit"). Id. at 7; see Declaration of Oscar Melara dated December 21, 2017, Dkt. No. 29-2.

While the Moving Defendants' factual argument may ultimately win them this case, it cannot win them this motion. At the motion to dismiss stage, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, . . . documents incorporated by reference in the complaint[,]" and documents "where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (internal citations and quotation marks omitted); see also Leon v. Port Wash. Union Free Sch. Dist., 49 F. Supp. 3d 353, 358 (E.D.N.Y. 2014) ("The Court also notes that this is a motion to dismiss, and as such, the review is limited to the pleading itself, and does not consider matters outside the pleadings."). Without opining on the merits of Moving Defendants' stated facts, it is evident that the evidence presented from the Melara Affidavit fits under none of the permitted categories described above. Therefore, it is appropriately not considered at this time.[1]

---

[1] "If any other material is considered, the court must convert the motion to dismiss into a motion for summary judgment." Armand v. Osborne, No. 11 Civ. 4182 (NGG) (CLP), 2014 WL 723381, at *3 (E.D.N.Y. Feb. 24, 2014) (citing Fed R. Civ. P. 12(d)). The Court declines to do so.

6

Looking rather to what is contained in Plaintiffs' complaint "on its face," what has been pleaded is sufficient to survive dismissal at this stage. Id. To state a plausible FLSA overtime claim, a complaint needs to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). "To state an FLSA minimum wage claim, it is sufficient for a plaintiff to allege facts about her salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." Tackie v. Keff Enters. LLC, 2014 WL 4626229, at *3 (S.D.N.Y. Sept. 16, 2014).[2]

These requirements are met here. Plaintiffs allege that, during their approximately one year of employment working at 220 Coster, each named Defendant monitored and controlled Plaintiffs' wages, working condition, and employment status. See Compl. ¶¶ 15-16, 20-21. The named Defendants are alleged as principals and owners of the corporate Defendants. Compl. ¶¶ 12,

---

[2] As the requirements as between FLSA and NYLL on the respective claims are the same, the "conclusion below about the FLSA allegations apply equally to the NYLL state law claims." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 n.5 (2d Cir. 2013).

7

14. Plaintiffs' complaint details the kinds of work Plaintiffs performed for Defendants. See Compl. ¶ 20. It describes hours and days worked that regularly amounted to over forty hours per week, overtime hours for which Plaintiffs allege they were uncompensated. See Compl. ¶¶ 22-27. It alleges that Plaintiffs did not receive wage notices of stubs. See Compl. ¶¶ 28-29. Taken together, the complaint's allegations "sufficiently describe the pattern of [Plaintiffs'] overtime, but uncompensated work," along with the other labor law violations. Leon, 49 F. Supp. 3d at 358 (distinguishing plaintiff's allegation that she "regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week—namely 1 1/2 to 2 hours per week" from "threadbare" allegations previously rejected by the Second Circuit); see Mumin v. Uber Techs., Inc., 239 F. Supp. 3d 507, 532 (E.D.N.Y. 2017) (denying motion to dismiss for overtime wages claim when plaintiff alleged he worked "an average of 6 days a week for 10 to 12 hours per day, amounting to 60 to 72 hours per week, from August 2014 to the present").

Finally, judging the complaint on its face, Moving Defendants' contention that the complaint does not plausibly allege that Plaintiffs were Defendants' employees is rejected.

8

"[I]n the context of a motion to dismiss, district courts in this Circuit have . . . found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 91 (2d Cir. 2013) (internal quotation marks and citations omitted) (describing, when providing district courts guidance as to whether a plaintiff sufficiently alleged she was an employee of a defendant company, that courts should treat "employment for FLSA purposes as a flexible concept" and that if a person alleges that she "was an employee in multiple places" it "provided a reasonable inference that the relationship was one covered by the statute"); see Zhong v. Aug. Aug. Corp., 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007) (rejecting motion to dismiss for FLSA claims because "[a]t the very least, the pleading is sufficient to enable [defendant] to conclude that [plaintiff] is asserting that an employee-employer relationship existed between the parties"). Moreover, Plaintiffs go beyond "boilerplate allegations" of an employer relationship, specifically alleging that Defendants instructed Plaintiffs to perform additional overtime labor for which Plaintiffs would ultimately be paid, although such payment could not be made at that time. N.Y.S. Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.,

9

25 F. Supp. 3d 459, 471 (S.D.N.Y. 2014) (citation omitted); see Compl. ¶¶ 25-26. Again, Defendants might ultimately prove that only some, or perhaps none, of the Defendants actually had the authority to make, or even actually made, requests like these of Plaintiffs. However, Plaintiffs' complaint has at least plausibly alleged an employer-employee relationship and, having plausibly stated their claims, each of their allegations against each Defendant is entitled to survive this dismissal motion.

## Conclusion

For the foregoing reasons, the Moving Defendants' motion to dismiss is denied.

It is so ordered.

**New York, NY**
**February 21, 2018**

                                           ROBERT W. SWEET
                                                 U.S.D.J.