UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rudy Ramirez and Roger Aleman,<br><br>Plaintiffs<br><br>v.<br><br>Abba Builders Inc., Naba Enterprises, Inc., Slavik Abayev a/k/a Steven Abba, 220 Coster, LLC, Miron Markus and Boris Markus,<br><br>Defendants. | Case No.: 1:17-cv-8688-RWS<br><br>JURY TRIAL REQUESTED |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

1.	This Mutual Release and Settlement Agreement (the "Agreement") is made between plaintiffs Rudy Ramirez and Roger Aleman ("Plaintiffs") and defendants Abba Builders, Inc., Naba Enterprises, Inc., and Slavik Abayev a/k/a Steven Abba ("Abba Defendants"), for the purpose of settling the various claims, controversies, and disputes among these parties arising out of the facts and circumstances relating to the above-styled action (the "Action").

2.	Plaintiffs, in consideration of and upon receipt of the total sum of $30,000 (the "Settlement Amount") to be paid to them by certified checks, and other good and valuable consideration, do hereby release and discharge Abba Defendants from all actions, claims and demands related to the payment of compensation, wages, and wage- and notice-related recordkeeping, which were or may have been asserted, related to or arising from their work performed for Abba Defendants or the facts which gave rise to the Action, from the date they commenced work with Abba Defendants until the date of this release. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall not be entitled to recovery of any additional damages,

monetary or otherwise, as a result of any charges or proceedings that may be brought against any of the Abba Defendants. Plaintiffs acknowledge that this Agreement will bar recovery in any forum for any claims that are the subject matters of the waivers and releases set forth herein, and that they will neither seek nor accept any moneys for any claim or cause of action that is the subject matter of those waivers and releases. Further, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims settled, released, and waived herein.

3. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, and their affiliates, parents, insurers, subsidiaries, divisions, predecessors, heirs, successors, assigns, executors, administrators, and their current and former employees, officers, directors, agents and attorneys, in their capacity as such, (the "Releasees") from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

    a. This release shall not affect or limit: (a) any non-wage and hour claims, or (b) Plaintiff's right to enforce the terms of this Agreement.

4. Abba Defendants, in consideration of other good and valuable consideration, release and discharge Plaintiffs from all actions, claims and demands, whether known or unknown, which were or may have been asserted, related to or arising from the work of Plaintiffs, or the facts which gave rise to the Action, from the date Plaintiffs commenced work with Abba Defendants until the date of this release.

5. Abba Defendants agree to pay Plaintiffs $10,000 of the Settlement Amount on the date the Agreement is executed, or within five (5) days of the Court's approval of this Agreement, whichever is later ("First Payment Date"). Payment should be made by three (3) certified checks to Plaintiffs' attorneys, made payable to the following payees and in the following amounts: (1) $3,898.52, representing attorneys' fees and costs, made payable to Worker Justice Center of New York, Inc.; (2) $4,067.65, representing non-wage compensation and damages, to Rudy Ramirez; and (3) $2,033.83, representing non-wage compensation and damages, to Roger Aleman.

6. Abba Defendants shall make the remaining amount of $20,000 to Plaintiffs in 12 monthly installments of two (2) certified checks each month, beginning 60 days after the First Payment Date, and then every 30 days thereafter, until the Settlement Amount has been paid in full, as detailed in the chart below. Payments to Plaintiffs constitute non-wage compensation and damages.

| DUE DATE | PAYABLE TO RUDY RAMIREZ | PAYABLE TO ROGER ALEMAN | PAYABLE TO WORKER JUSTICE CENTER OF NEW YORK | TOTAL |
|---|---|---|---|---|
| (1) _____ Date the Agreement is executed or within 5 days of Court approval | **$4,067.65** | **$2,033.83** | **$3,898.52** | $10,000.00 |
| (2) _____ 60 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (3) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (4) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (5) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (6) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (7) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (8) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (9) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (10) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (11) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (12) _____ 30 days after previous due date | **$1,114.86** | **$551.80** | -- | $1,666.66 |
| (13) _____ 30 days after previous due date | **$1,114.89*** | **$551.85*** | | $1,666.74 |
| | $17,446.00 | $8,655.48 | $3,898.52 | **$30,000.00** |

\* *Please note the different amounts for the final installment.*

7. Abba Defendants shall issue 1099 forms to Rudy Ramirez, Roger Aleman, and Worker Justice Center of New York, as required by law. Worker Justice Center of New York agrees to provide an executed W-9 to Abba Defendants' counsel before any payment is required to be made.

8. If, for any reason, Abba Defendants fail to make any of the payments required pursuant this Agreement, this Agreement, upon 10 days' written notice of the default to Abba Defendants' counsel (delivery by e-mail shall be an effective form of service of the notice) shall be declared void and the Action shall be restored to the Court's docket for entry of judgment jointly and severally against all Abba Defendants in the amount of $60,000.00, minus any payments made, and all other appropriate enforcement of this Agreement. Plaintiffs shall be entitled to interest and reasonable attorney's fees associated with any delay in payments and efforts to collect payments due to Abba Defendants' default.

9. Providing all the payments to Plaintiffs and the Worker Justice Center of New York as described herein are timely made, this Agreement is being entered into in anticipation of the amicable resolution of all matters and to avoid further needless legal costs and expenses, as well as in recognition of the uncertainties inherent in any litigation. The parties expressly acknowledge that this Agreement, including the payments and any other consideration provided, has been entered into solely to resolve disputed claims and to avoid the inconvenience and expense of resolving this dispute in court. Abba Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law concerning or related to any allegations that were or could have been asserted in the Action.

10. The parties will execute and cause to be filed a stipulation of settlement and order of dismissal of the Action with prejudice, and with all rights of appeal waived, upon Court's Approval of this Agreement.

11. The settlement payments will be delivered by Abba Defendants to Robert McCreanor, Esq. at Worker Justice Center of New York, 9 Main Street, Kingston, NY 12401, in accordance with the payment schedule described herein.

12. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, successors, and/or assigns.

13. This Agreement shall be deemed to have been drafted by all parties so that no provision shall be construed against any party.

14. No provision in this Agreement may be waived except by a writing signed by all parties. Waiver of one provision of this Agreement shall not be deemed a waiver of any other provision.

15. If any court of competent jurisdiction shall deem any provision of this Agreement void or unenforceable, it shall be deemed severed and shall not affect the remaining provisions, which shall continue in full force and effect without regard to the severed provision.

16. This Agreement shall be governed and construed in accordance with the laws of New York, without regard to conflict of laws principles.

17. The persons whose names appear below as signatories state and acknowledge that they are duly authorized agents of the parties, if applicable, have carefully read this document, or have had it read to them, and have had the opportunity to consult with an attorney of their choice, and sign the same of their own free will. The parties are fully aware of the content and legal effect of this Agreement, and enter into the Agreement freely, without coercion and based on their own judgment and based on the advice of their own attorneys, and not in reliance upon representations or promises made by anyone else other than those expressly contained in this Agreement.

**18.** If any action at law or in equity is brought in the future to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover, prior to trial, at trial, and on appeal, reasonable attorneys' fees, costs and disbursements, in addition to any other relief that may be granted.

**19.** This Agreement may be executed in two or more counterparts. An electronic or facsimile signature shall be sufficient to bind a party.

**20.** All of the foregoing constitutes the entire understanding and agreement between and among the parties hereto as to the matters set forth herein and supersedes and replaces all prior understandings and agreements, whether oral or written, in connection with the matters set forth in this Agreement.

**21.** Plaintiffs agree that the payments described in this Agreement constitute the total monetary consideration to which Plaintiffs are entitled under this Agreement, that Plaintiffs are not entitled to any further monetary consideration whatsoever from the Abba Defendants, that Plaintiffs will assume payment of any costs, including any attorneys' fees, that Plaintiffs have incurred in this matter, and that Plaintiffs will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the claims asserted in the Action, or any other events or circumstances related to Plaintiffs' employment with the Abba Defendants, or the cessation of said employment, that existed or occurred prior to Plaintiffs' execution of this Agreement.

WHEREFORE, the parties have executed this Agreement this ___ day of October, 2018.

                                                             _____
                                                             Rudy Ramirez

STATE OF NEW YORK          )
                                            ) ss
COUNTY OF WESTCHESTER    )

On the \_\_\_\_ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Rudy Ramirez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing MUTUAL RELEASE AND SETTLEMENT AGREEMENT and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the entities upon the behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                                                  _____
                                                                  Notary Public


                                              Declaration of Translation

       I, _____, hereby state that I am fluent in the English and Spanish Languages. I orally translated the accompanying Mutual Release and Settlement Agreement from English to Spanish and read this document in Spanish to Rudy Ramirez on _____, 2018.  When I finished translating this document, Rudy Ramirez voluntarily signed it.


_____                          _____
Date                                                                         Signature of Translator


STATE OF NEW YORK          )
                                            ) ss
COUNTY OF WESTCHESTER    )

On the \_\_\_\_day of_____, 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the Declaration of Translation the individual executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                                                  _____
                                                                  Notary Public

                                              _____

                                              Roger Aleman

STATE OF NEW YORK      )
                                  ) ss
COUNTY OF WESTCHESTER   )

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Roger Aleman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing MUTUAL RELEASE AND SETTLEMENT AGREEMENT and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the entities upon the behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                              _____

                                              Notary Public

## Declaration of Translation

      I, _____, hereby state that I am fluent in the English and Spanish Languages. I orally translated the accompanying Mutual Release and Settlement Agreement from English to Spanish and read this document in Spanish to Roger Aleman on _____, 2018. When I finished translating this document, Roger Aleman voluntarily signed it.

_____                              _____
Date                                                           Signature of Translator

STATE OF NEW YORK      )
                                  ) ss
COUNTY OF WESTCHESTER   )

On the ____ day of _____, 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the Declaration of Translation the individual executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                              _____

                                              Notary Public

|                      |      | _____ |
|----------------------|------|--------------------------------|
|                      |      | Abba Builders, Inc.,           |
|                      |      | By:                            |
| STATE OF NEW YORK    | )    |                                |
|                      | ) ss |                                |
| COUNTY OF KINGS      | )    |                                |

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Kings, State of New York.

_____
Notary Public

                                                                        _____  
                                                                         Naba Enterprises, Inc.,  
                                                                         By:

STATE OF NEW YORK            )  
                                          ) ss  
COUNTY OF KINGS             )

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Kings, State of New York.

                                                                         _____  
                                                                         Notary Public

                                                                                                                          Slavik Abayev a/k/a Steven Abba

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss |
| COUNTY OF KINGS | ) |

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the County of Kings, State of New York.

                                                                                                                          Notary Public