UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rudy Ramirez and Roger Aleman,<br><br>Plaintiffs<br><br>v.<br><br>Abba Builders Inc., Naba Enterprises, Inc., Slavik Abayev a/k/a Steven Abba, 220 Coster, LLC, Miron Markus and Boris Markus,<br><br>Defendants. | Case No.: 1:17-cv-8688-RWS |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

1. This Mutual Release and Settlement Agreement (the "Agreement") is made between plaintiffs Rudy Ramirez and Roger Aleman ("Plaintiffs") and defendants 220 Coster LLC, Miron Markus, and Boris Markus ("220 Coster Defendants"), for the purpose of settling the various claims, controversies, and disputes among these parties arising out of the facts and circumstances relating to the above-styled action (the "Action").

2. Plaintiffs, in consideration of and upon receipt of the total sum of $25,000 (the "Settlement Amount") to be paid to them by certified checks, and other good and valuable consideration, do hereby release and discharge 220 Coster Defendants from all actions, claims and demands related to the payment of compensation, wages, and wage- and notice-related recordkeeping, which were or may have been asserted, related to or arising from their work performed for 220 Coster Defendants or the facts which gave rise to the Action, from the date they commenced work with 220 Coster Defendants until the date of this release. Nothing contained in this release shall operate to prevent Plaintiffs from providing truthful information to a governmental agency. However, Plaintiffs shall not be entitled to recovery of any

additional damages, monetary or otherwise, as a result of any charges or proceedings that may be brought against any of the 220 Coster Defendants.  Plaintiffs acknowledge that this Agreement will bar recovery in any forum for any claims that are the subject matters of the waivers and releases set forth herein, and that they will neither seek nor accept any moneys for any claim or cause of action that is the subject matter of those waivers and releases.  Further, this Agreement shall be deemed a full accord, satisfaction and settlement of the claims settled, released, and waived herein.

3. 220 Coster Defendants, in consideration of other good and valuable consideration, release and discharge Plaintiffs from all actions, claims and demands, whether known or unknown, which were or may have been asserted, related to or arising from the work of Plaintiffs, or the facts which gave rise to the Action, from the date Plaintiffs commenced work with 220 Coster Defendants until the date of this release.

4. 220 Coster Defendants agree to pay Plaintiffs the Settlement Amount in eight (8) equal monthly installments of $3,125 by certified checks, made payable to the payees and in the amounts detailed in the chart below, with the first payment due on the date the Agreement is executed or within five (5) days of the Court's approval of this Agreement, whichever is later ("First Payment"), and subsequent installments due every 30 days thereafter, until the entire Settlement Amount has been paid in full.  The payment to Worker Justice Center of New York constitutes attorneys' fees and costs, and payments to Rudy Ramirez and Roger Aleman constitute non-wage compensation and damages.

| DUE DATE | PAYABLE TO RUDY RAMIREZ | PAYABLE TO ROGER ALEMAN | PAYABLE TO WORKER JUSTICE CENTER OF NEW YORK | TOTAL |
|---|---|---|---|---|
| (1) _____ Date the Agreement is executed or within 5 days of Court approval | **$2,076.90** | **$1,048.10** | -- | $3,125.00 |
| (2) _____ 30 days after previous due date | -- | -- | **$3,125.00** | $3,125.00 |
| (3) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| (4) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| (5) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| (6) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| (7) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| (8) _____ 30 days after previous due date | **$2,076.90** | **$1,048.10** | | $3,125.00 |
| | $14,538.30 | $7,336.70 | $3,125.00 | **$25,000.00** |

5.     220 Coster Defendants shall issue 1099 forms to Rudy Ramirez, Roger Aleman, and Worker Justice Center of New York, as required by law.

6.     If, for any reason, 220 Coster Defendants fail to make any of the payments required pursuant this Agreement, this Agreement, upon 10 days' written notice of the default to 220 Coster Defendants' counsel, delivery by e-mail and certified mail return receipt requested to counsel for 220 Coster Anthony R. Portesy, Esq. Varacalli & Hamra LLP 32 Broadway, NY, NY 10004 Suite 1818, shall be declared void and the Action shall be restored to the Court's docket for entry of judgment jointly and severally against all 220 Coster Defendants in the amount of $50,000.00, minus any payments made, and all other appropriate enforcement of this Agreement.  Plaintiffs shall be entitled to interest and reasonable attorney's fees associated with any delay in payments and efforts to collect payments due to 220 Coster Defendants' default.

7.     Providing all the payments to Plaintiffs and the Worker Justice Center of New York as described herein are timely made, this Agreement is being entered into in anticipation of the resolution of all matters and to avoid further needless legal costs and expenses, as well as in recognition of the uncertainties inherent in any litigation.  The parties expressly acknowledge that this Agreement, including the payments and any other consideration provided, has been entered into solely to resolve disputed claims and to avoid the inconvenience and expense of resolving this dispute in court.  220 Coster Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state or local statute, ordinance or law concerning or related to any allegations that were or could have been asserted in the Action.

8. The parties will execute and cause to be filed a stipulation of settlement and/or order of dismissal of the Action with prejudice, and with all rights of appeal waived, upon receipt of all payments required pursuant to the terms of this Agreement.

9. The settlement payments will be delivered by 220 Coster Defendants to Robert McCreanor, Esq. at Worker Justice Center of New York, 9 Main Street, Kingston, NY 12401, in accordance with the payment schedule described herein.

10. This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, successors, and/or assigns.

11. This Agreement shall be deemed to have been drafted by all parties so that no provision shall be construed against any party.

12. No provision in this Agreement may be waived except by a writing signed by all parties. Waiver of one provision of this Agreement shall not be deemed a waiver of any other provision.

13. If any court of competent jurisdiction shall deem any provision of this Agreement void or unenforceable, it shall be deemed severed and shall not affect the remaining provisions, which shall continue in full force and effect without regard to the severed provision.

14. This Agreement shall be governed and construed in accordance with the laws of New York, without regard to conflict of laws principles.

15. The persons whose names appear below as signatories state and acknowledge that they are duly authorized agents of the parties, if applicable, have carefully read this document, or have had it read to them, and have had the opportunity to consult with an attorney of their choice, and sign the same of

their own free will. The parties are fully aware of the content and legal effect of this Agreement, and enter into the Agreement freely, without coercion and based on their own judgment and based on the advice of their own attorneys, and not in reliance upon representations or promises made by anyone else other than those expressly contained in this Agreement.

16. If any action at law or in equity is brought in the future to enforce or interpret the terms of this Agreement, the prevailing party shall be entitled to recover, prior to trial, at trial, and on appeal, reasonable attorneys' fees, costs and disbursements, in addition to any other relief that may be granted.

17. This Agreement may be executed in two or more counterparts. An electronic or facsimile signature shall be sufficient to bind a party.

18. All of the foregoing constitutes the entire understanding and agreement between and among the parties hereto as to the matters set forth herein and supersedes and replaces all prior understandings and agreements, whether oral or written, in connection with the matters set forth in this Agreement.

19. Plaintiffs agree that the payments described in this Agreement constitute the total monetary consideration to which Plaintiffs are entitled under this Agreement, that Plaintiffs are not entitled to any further monetary consideration whatsoever from the 220 Coster Defendants, that Plaintiffs will assume payment of any costs, including any attorneys' fees, that Plaintiffs have incurred in this matter, and that Plaintiffs will not seek any further compensation or consideration for any other claimed damages, costs, or attorneys' fees in connection with the claims asserted in the Action, or any other events or circumstances related to Plaintiffs' employment with the Defendants, or the cessation of said employment, that existed or occurred prior to Plaintiffs' execution of this Agreement.

WHEREFORE, the parties have executed this Agreement this ___ day of October, 2018.

                                                                                            _____
                                                                                             Rudy Ramirez

| STATE OF NEW YORK | ) |
|---|---|
|  | ) ss |
| COUNTY OF WESTCHESTER | ) |

On the \_\_\_\_ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Rudy Ramirez, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing MUTUAL RELEASE AND SETTLEMENT AGREEMENT and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the entities upon the behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                                              _____
                                                              Notary Public

Declaration of Translation

     I, _____, hereby state that I am fluent in the English and Spanish Languages. I orally translated the accompanying Mutual Release and Settlement Agreement from English to Spanish and read this document in Spanish to Rudy Ramirez on _____, 2018. When I finished translating this document, Rudy Ramirez voluntarily signed it.

_____                          _____
Date                                                                           Signature of Translator

| STATE OF NEW YORK | ) |
|---|---|
|  | ) ss |
| COUNTY OF WESTCHESTER | ) |

On the \_\_\_\_ day of_____, 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the Declaration of Translation the individual executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                                              _____
                                                              Notary Public

_____

Roger Aleman

STATE OF NEW YORK          )
                           ) ss
COUNTY OF WESTCHESTER      )

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Roger Aleman, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing MUTUAL RELEASE AND SETTLEMENT AGREEMENT and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the entities upon the behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

_____

Notary Public

Declaration of Translation

I, _____, hereby state that I am fluent in the English and Spanish Languages. I orally translated the accompanying Mutual Release and Settlement Agreement from English to Spanish and read this document in Spanish to Roger Aleman on _____, 2018. When I finished translating this document, Roger Aleman voluntarily signed it.

_____          _____

Date                                Signature of Translator

STATE OF NEW YORK          )
                           ) ss
COUNTY OF WESTCHESTER      )

On the ____ day of _____, 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the Declaration of Translation the individual executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

_____

Notary Public

Case 1:17-cv-08688-RWS   Document 60-2   Filed 10/05/18   Page 10 of 12

                                                                                        _____  
                                                                                        220 Coster, LLC,  
STATE OF NEW YORK       )                                         By:  
                                      ) ss  
COUNTY OF                    )

On the \_\_\_\_ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of _____, State of New York.

                                                                        _____  
                                                                        Notary Public

Page **10** of **12**

                                                             _____
                                                             Miron Markus

STATE OF NEW YORK         )
                                  ) ss
COUNTY OF                      )

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of _____, State of New York.

                                                                _____
                                                                Notary Public

## Declaration of Translation

     I, _____, hereby state that I am fluent in the English and Russian Languages. I orally translated the accompanying Mutual Release and Settlement Agreement from English to Russian and read this document in Russian to Miron Markus on _____, 2018. When I finished translating this document, Miron Markus voluntarily signed it.

_____                                         _____
Date                                                                    Signature of Translator

STATE OF NEW YORK         )
                                  ) ss
COUNTY OF WESTCHESTER    )

On the ____ day of _____, 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that s/he executed the same in his/her capacity, and that by his/her signature on the Declaration of Translation the individual executed the instrument, and that such individual made such appearance before the undersigned in _____, State of New York.

                                                                _____
                                                                Notary Public

                                                                                                           _____

                                                                                                                  Boris Markus

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss |
| COUNTY OF | ) |

On the ____ day of _____ 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the RELEASE AND SETTLEMENT AGREEMENT, the individual, or the entities upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the City/Town/Village of _____, State of New York.

                                                                                                          _____

                                                                                                          Notary Public